UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PROTECTIVE LIFE INSURANCE CO., )
                                )
          Plaintiff,            )
                                )
     vs.                        )     No. 4:06-CV-112 (CEJ)
                                )
BARBARA KEMP,                   )
                                )
          Defendant.            )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for default judgment against defendant Barbara Kemp, pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiff Protective Life Insurance Company brings this action against defendant Barbara Kemp to recover overpaid disability benefits. Plaintiff asserts claims pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*. (ERISA) and, in the alternative, for unjust enrichment or breach of contract. Copies of the summons and complaint were served on defendant on February 4, 2006. However, the defendant did not file an answer or other responsive pleading, nor did she seek additional time in which to do so. Upon plaintiff's motion, the Clerk of Court entered default on April 26, 2006.

**I.   Facts**

Protective Life Corporation created and sponsors an employee welfare benefit plan for its employees and the employees of its subsidiaries. The benefit plan includes Long Term Disability (LTD) insurance. Plaintiff, a subsidiary of Protective Life Corporation, issued the LTD policy at issue in this case; Disability Reinsurance

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Management Services, Inc., (DRMS) acted as the claims administrator for the LTD policy. Defendant was a participant in the plan.

The LTD policy provides for payment of 65% of an insured's basic monthly earnings, minus other income benefits, including Social Security Disability Insurance (SSDI) benefits. Defendant applied for and was approved to receive LTD benefits under the policy and, on September 5, 2002, plaintiff began paying defendant a monthly benefit of $1,965.00. Effective January 1, 2004, and in keeping with the terms of the policy, DRMS began offsetting defendant's monthly benefit by an estimated SSDI award of $1,852.00. On March 24, 2004, DRMS learned that defendant had been awarded retroactive SSDI benefits for the period from September 5, 2002, through April 1, 2004. The LTD benefits paid to the defendant during this period should have been offset by the amount of the SSDI benefits. Because this offset was not made, the defendant received an overpayment of $25,908.77. Despite several demands by DRMS and plaintiff, defendant has not returned any portion of the overpayment.

## II. Discussion

Plaintiff's complaint seeks equitable relief, pursuant to 29 U.S.C. § 1132(a)(3), in the form of a constructive trust with respect to any monies defendant received as LTD or SSDI benefits or the identifiable proceeds of those benefits, an accounting of all Social Security benefits, and interest, costs, and attorney's fees. Alternatively, plaintiff asserts a federal common law claim for unjust enrichment and a claim for breach of contract.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

ERISA's civil enforcement mechanism, 29 U.S.C. § 1132(a)(3)(B) authorizes "a participant, beneficiary, or fiduciary . . . to obtain . . . appropriate equitable relief" to redress violations of ERISA or to enforce provisions of ERISA or the terms of a plan. Plaintiff is plainly not a participant or beneficiary of the employee welfare plan at issue and thus must establish that it is a fiduciary.

ERISA provides that:

a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

In the complaint, plaintiff alleges that it is an insurance company and that it insured the employee welfare plan at issue. An insurance company is not an ERISA fiduciary merely because it handles claims under an employer's group policy. Kerns v. Benefit Trust Life Ins. Co., 992 F.2d 214, 216 (8th Cir. 1993). "Fiduciary status under § 1002(21)(A) is not an 'all or nothing concept . . . [A] court must ask whether a person is a fiduciary with respect to the particular activity in question.'" Id. at 217 (quoting Coleman v. Nationwide Life Ins. Co., 969 F.2d 54, 61 (4th Cir. 1992) (alterations in original). Plaintiff does not allege either that it is a fiduciary or that it engages in activities from which the Court could determine that it is a fiduciary. See Unum Life Ins. Co. of America v. Laszok, 2005 WL 2237610 at *2 (D.N.J. Sept. 12,

-3-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

2005) (insurance company seeking reimbursement of overpaid LTD benefits qualified as fiduciary because it had authority to grant or deny benefits to plan participants).

In addition, plaintiff must also establish that the relief it seeks is equitable, rather than legal. The term "equitable relief" as used in § 1132(a)(3) refers only to "those categories of relief that were *typically* available in equity." Mertens v. Hewitt Associates, 508 U.S. 248, 256 (1993) (emphasis in original); see also Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002).

In Great-West, the plan fiduciary paid benefits to a beneficiary injured in a car accident. When the beneficiary received a settlement in a separate tort action, the fiduciary filed suit to enforce a reimbursement provision of the plan. The Supreme Court determined that the restitution the fiduciary sought was actually a legal remedy that was not available under § 1132(a)(3)(B). Id. at 210-11. The Supreme Court reasoned that, during "the days of the divided bench," restitution was available in certain cases at law and in certain cases in equity. Id. at 212. Plaintiff's remedy was at law in those cases in which he "could *not* assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him." Id. at 213 (quoting 1 D. Dobbs, Law of Remedies § 4.2(a), p. 571 (2d ed. 1993)) (emphasis in original). In such cases, the claim was considered legal because the plaintiff

-4-

"sought to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money." Id. (quoting Restatement of Restitution § 160, Comment *a*, pp. 641-42 (1936)). "Such claims were viewed essentially as actions at law for breach of contract." Id. A plaintiff could seek restitution in equity in the form of a constructive trust or equitable lien "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." Id.

Monetary relief in the form of restitution may be considered equitable only if it seeks not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession. Calhoon v. Trans World Airlines, Inc., 400 F.3d 593, 596 (8th Cir. 2005) (quoting Great-West, 534 U.S. at 214). In determining whether the nature of the monetary relief sought is legal or equitable, courts ask whether the value of the harm done that forms the basis for the damages is measured by the loss to the plaintiff or the gain to the defendant, and whether the money sought is specifically identifiable "as belonging in good conscience to the plaintiff" and "can clearly be traced to particular funds or property in the defendant's possession." Id. (quoting Great-West, 534 U.S. at 213). Where the property or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor and the plaintiff cannot enforce a constructive trust or equitable lien upon other property of the defendant. Great-West, 534 U.S. at

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

213-14 (quoting Restatement of Restitution § 215, Comment a, at 867).

In this case, plaintiff does not allege that defendant retains any amount of the overpayments; thus, plaintiff is not entitled to equitable restitution. See Unum Life Ins. Co. of America v. Grourke, 406 F. Supp. 2d 524, 529 (M.D. Pa. 2005) (fiduciary cannot recover overpayment where there is no evidence that benefits remained in defendant's possession); Laszok, 2005 WL 2237610 at *3 (fiduciary failed to state permissible claim under § 1132(a)(3) where it did not contend that overpaid funds were in control of beneficiary); Eubanks v. Prudential Ins. Co. of America, 336 F. Supp. 2d 521, 531 (M.D.N.C. 2004) (same).

Plaintiff fares no better under a theory of unjust enrichment. "ERISA is a comprehensive and reticulated statute." Great-West, 534 U.S. at 209 (quoting Mertens, 508 U.S. at 251, and Nachman Corp. v. Pension Benefit Guaranty Corp., 446 U.S. 359, 361 (1980)). Courts must be "especially 'reluctant to tamper with [the] enforcement scheme' embodied in the statute by extending remedies not specifically authorized by its text." Id. (quoting Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 147 (1985)) (alteration in original). Because there is no gap in ERISA's text regarding a fiduciary's right to bring a civil action for remedies to enforce plan terms or ERISA provisions, a federal common law remedy cannot be recognized. North American Coal Corp. v. Roth, 395 F.3d 916, 917-18 (8th Cir. 2005). Finally, any state-law claim for breach of contract would be pre-empted by ERISA. 29

-6-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

U.S.C. § 1144(a) (ERISA's provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . .").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [#12] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of May, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com